```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
                                    :
CHOICE HOTELS INTERNATIONAL,        :
INC.                                :
                                    :
     v.                             :   Civil Action No. DKC 11-2893
                                    :
JAI SHREE NAVDURGA, LLC, et al.     :
                                    :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution are two motions for default judgment filed by Plaintiff Choice Hotels International, Inc. (ECF Nos. 10, 17). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motions will be granted in part and denied in part.

**I. Background**

Plaintiff Choice Hotels International, Inc., commenced this action on October 11, 2011, by filing an application to confirm an arbitration award against Defendants Jai Shree Navdurga, LLC, Ankil Patel, and Krunal Patel. (ECF No. 1).[1] The attached award, dated June 29, 2011, was in favor of Plaintiff for "liquidated damages in the amount of $75,000.00, plus the amounts incurred by [Plaintiff] in the institution of this

---

[1] A fourth defendant, Ashish Jariwala, was dismissed from the case by a stipulation of dismissal filed July 10, 2012. (ECF No. 15).

Arbitration in the amount of $1,975.00, comprising administrative fees of the AAA totaling $975.00 and the compensation of the arbitrator totaling $1,000.00." (ECF No. 1-1). Plaintiff's application requests entry of a judgment in the same amounts.

The record reflects that Defendants were properly served as of November 29, 2011. When they failed to respond within the requisite time period, Plaintiff separately moved for entry of default (ECF No. 11) and default judgment (ECF No. 10) against Jai Shree Navdurga, LLC, and Ankil Patel. It subsequently filed separate motions for entry of default (ECF No. 16) and default judgment (ECF No. 17) against Krunal Patel. Defendants did not respond to these motions, and the clerk entered default on June 27 (ECF No. 13), and July 31, 2012 (ECF No. 20).

**II. Standard of Review**

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment upon the plaintiff's application and notice to the defaulting party, pursuant to Fed. R.Civ.P. 55(b)(2). A defendant's default does

not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court.  *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate where a party is unresponsive, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C.Cir. 1980)).

"Upon [entry of] default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not."  *Lawbaugh*, 359 F.Supp.2d at 422. Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount."  *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).  Where a complaint does not specify an

3

amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2nd Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981)). While the court may hold a hearing to consider evidence as to damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

**III. Analysis**

Where default judgment is sought with respect to an application for confirmation of an arbitration award, the petitioner "must show that it is entitled to confirmation of the arbitration award as a matter of law." *United Community Bank v. Arruarana*, No. 1:10cv248, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-10 (2nd Cir. 2006); *McColl Partners, LLC v. DME Holdings,*

*LLC*, No. 3:10cv247, 2011 WL 971575, at *1 (W.D.N.C. Mar. 17, 2011)). Pursuant to 9 U.S.C. § 9:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

In this case, the arbitration clause in the parties' franchise agreement provides that "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, . . . will be sent to final and binding arbitration," and that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." (ECF No. 1-2). Although Plaintiff's motion does not identify the jurisdiction in which the arbitration award was made, the agreement requires that any arbitration proceeding be conducted in Maryland and that Maryland substantive law applies. In any event, the parties appear to be diverse and the amount in controversy satisfies the jurisdictional minimum for diversity jurisdiction in this court. *See* 28 U.S.C. § 1332(a). Thus, the court is

5

satisfied that it has jurisdiction to confirm the arbitration award. There is no question, moreover, that Plaintiff filed its application "within one year after the award [was] made." 9 U.S.C. § 9.

As the Fourth Circuit has explained:

> Review of an arbitrator's award is severely circumscribed. Indeed, the scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all - the quick resolution of disputes and the avoidance of the expense and delay associated with litigation. *Jih v. Long & Foster Real Estate, Inc*., 800 F.Supp. 312, 317 (D.Md. 1992). Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law. *In re A.H. Robins Co., Inc*., 197 B.R. 513, 516 (E.D.Va. 1994).

*Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc*., 142 F.3d 188, 193 (4th Cir. 1998) (internal footnotes omitted).

If there is a valid contract between the parties providing for arbitration, and if the dispute resolved in the arbitration was within the scope of the arbitration clause, then substantive review is limited to those grounds set forth in § 10 of the Federal Arbitration Act. That section allows vacatur of an award only:

> (1) where the award was procured by corruption, fraud, or undue means;

6

> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). In addition, a court may overturn a legal interpretation of an arbitration panel if "it is in manifest disregard for the law." *See, e.g., Apex Plumbing*, 142 F.3d at 193 ("Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the [FAA], or if the arbitrator acted in manifest disregard of law"); *Upshur Coals Corp. v. United Mine Workers of America, Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991). Mere misinterpretation of a contract or an error of law does not suffice to overturn an award. *See Upshur*, 933 F.2d at 229.

Plaintiff has established that there was a valid contract between the parties requiring arbitration of "any controversy or claim arising out of or relating to this Agreement" (ECF No. 1-2) and that its demands for arbitration arose from Defendants' breach of the parties' franchise agreement (ECF Nos. 10-1, 17-

1). Thus, the court is satisfied that the claims resolved at arbitration are within the scope of the parties' agreement. There has been no showing of the narrow grounds listed in the FAA for vacatur of the arbitration award, nor is there any suggestion that the arbitrator acted in manifest disregard of the law.

The arbitrator awarded Plaintiff $76,975.00, consisting of $75,000.00 in liquidated damages, $975.00 for administrative fees, and $1,000.00 for fees of the arbitrator. Plaintiff requests entry of a default judgment in that amount, "plus post-judgment interest until paid" and "the costs of this action in the amount of three hundred fifty dollars ($350.00)." (ECF Nos. 10-3, 17-3). Because costs were not requested in the complaint, they cannot be awarded by a default judgment. *See* Fed.R.Civ.P. 54(c). Thus, insofar as Plaintiff seeks reimbursement of the filing fee, its motion for default judgment will be denied. Moreover, the court need not specifically grant an award of post-judgment interest because Plaintiff is entitled to recover such interest by operation of law. *See* 28 U.S.C. § 1961(a) ("[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."). In all other respects, however, Plaintiff has demonstrated entitlement to confirmation of the arbitration award. Accordingly, a default judgment in that amount will be entered.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motions for default judgment will be granted in part and denied in part. A separate order will follow.

                                               _____/s/_____
                                               DEBORAH K. CHASANOW
                                               United States District Judge